IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TROY LEE WEST,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BRAD JOHNSON, Director; ROBERT MITCHELL, C.O.; and ANDREW TRUSLOW, Sargent;<br><br>　　　　　　Defendants. | 4:17CV3064<br><br><br>MEMORANDUM<br>AND ORDER |

Plaintiff filed a Complaint on June 5, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner confined at the Lancaster County Department of Corrections who was found guilty after a disciplinary hearing of refusal to work and sentenced to 10 days in disciplinary segregation and deprivation of 10 days' good-time credit. Defendant Brad Johnson, director of the facility, affirmed the decision. Plaintiff requested that Johnson restore his 10 days' good-time credit.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. He asserts that the procedures used in his disciplinary hearing violated his Fourteenth Amendment due process rights. Specifically, Plaintiff claims that the reporting officer, Defendant Robert Mitchell, filed a false misconduct report and that the hearing officer, Defendant Andrew Truslow, failed to call and question Plaintiff's requested witnesses, who would have testified that he did not refuse to work.

Plaintiff seeks restoration of his 10 days' good-time credit, $190 for each day of the 10 days' good-time served, and an order to the "dept. of corrections to cease and desist violating inmates due process, which they do on a daily basis." ([Filing No. 1 at CM/ECF p. 5](#).)

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* [28 U.S.C. §§ 1915(e)](#) and [1915A](#). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. [28 U.S.C. § 1915(e)(2)(B)](#); [28 U.S.C. § 1915A(b)](#).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *[Bell Atlantic Corp. v. Twombly](#)*, 550 U.S. 544, 569-70 (2007); *see also [Ashcroft v. Iqbal](#)*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *[Topchian v. JPMorgan Chase Bank, N.A.](#)*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *[Hopkins v. Saunders](#)*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *[Topchian](#)*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

**A.    Restoration of Good Time/Damages for Deprivation of Good Time**[1]

The Eighth Circuit has held that the removal of a prisoner's good time credits in a disciplinary hearing implicates a liberty interest protected by the Due Process Clause. *Espinoza v. Peterson*, 283 F.3d 949, 951 (8th Cir.2002) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555–58 (1974)). However, a state prisoner who seeks restoration of good time should do so through a writ of habeas corpus, which requires exhaustion of state remedies. *Offet v. Solem*, 823 F.2d 1256, 1258 (8th Cir. 1987). Where a prisoner does not seek the restoration of good time credits, but seeks only money damages, the same rules apply. As set forth by the Eighth Circuit:

> Portley–El seeks damages for two prison disciplinary rulings that deprived him of forty-five days of good time credits. In the district court, he sought restoration of those credits and other relief. In *Edwards v. Balisok*, 520 U.S. 641, 643–44, 117 S.Ct. 1584, 137

---

[1] To the extent Plaintiff means to seek damages for the 10 days he served in disciplinary segregation, he fails to state a claim. *See Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (upholding initial review dismissal of due process challenge to 30 days in punitive segregation and also stating, "We have consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*.") (collecting cases).

3

L.Ed.2d 906 (1997), the Court applied *Heck* to a § 1983 damage action in which the inmate did not seek restoration of good time credits to avoid being out of court under *Preiser* [*v. Rodriguez*, 411 U.S. 475, 488-92, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)]. Thus, *Edwards* confirms that Portley–El's due process damage claim would be *Heck*-barred even if he had never requested restoration of his good time credits. Under *Heck*, "we disregard the form of relief sought and instead look to the essence of the plaintiff's claims." *Sheldon* [*v. Hundley*], 83 F.3d [231,] 233 [8th Cir.1996]. Because Portley–El seeks damages for the imposition of discipline that included the loss of good time credits, his damage claim challenges "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" and is *Heck*-barred.

*Portley-El v. Brill*, 288 F.3d 1063, 1067 (8th Cir. 2002).

Plaintiff seeks restoration of good time credits and damages for the deprivation of those credits. Plaintiff has not shown that this disciplinary action has been invalidated. Accordingly, Plaintiff's claims for restoration of good time credits and damages for the deprivation of those credits are *Heck*-barred. *See, e.g.*, *Cooper v. Schriro*, 189 F.3d 781, 784 (8th Cir. 1999); *see also Scott v. Coleman*, 493 F. Appx 810, 811 (8th Cir. 2012) (unpublished); *Cincoski v. Richard*, 418 F. Appx 571, 572 (8th Cir. 2011) (unpublished).[2] In other words, Plaintiff must first

---

[2] In *Edwards*, respondent claimed that he was completely denied the opportunity to put on a defense through specifically identified witnesses who possessed exculpatory evidence, and that the cause of the exclusion was the deceit and bias of the hearing officer, who lied about the nonexistence of the witness statements. *Edwards*, 520 U.S. at 646-47. Here, Plaintiff similarly alleges that the hearing officer failed to call his two requested witnesses who possessed exculpatory evidence, and his allegations further suggest that the cause of the exclusion was the deceit and bias of the hearing officer. (*See* Filing No. 1 at CM/ECF pp. 13-14, 17) (stating that no one ever spoke to Defendant Mitchell although Plaintiff called him as a witness; that Defendant Truslow expressed a conflict of interest to Plaintiff when he stated "I hear you have been harassing my staff"; and that Plaintiff's girlfriend received an alert prior to the hearing that he

4

have the disciplinary action invalidated by a state court or he may file a petition for writ of habeas corpus in this court after fully exhausting his state court remedies. *See* 28 U.S.C. § 2254(b)(1). He may seek damages for the deprivation of good time credits in a future § 1983 action if, and only if, the disciplinary action is invalidated.

B.    **Prospective Injunctive Relief**

Plaintiff also seeks prospective injunctive relief – an order to the "dept. of corrections to cease and desist violating inmates due process, which they do on a daily basis." Because such relief does not necessarily call into question Plaintiff's underlying punishment, it is not *Heck*-barred. *See Cooper*, 189 F.3d at 784 (citing *Edwards*, 520 U.S. at 648).

Plaintiff's claims against three employees of the Lancaster County Department of Corrections in their official capacities[3] shall be construed as against Lancaster County. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Parsons v. McCann*, 138 F. Supp. 3d 1086, 1097 (D. Neb. 2015) (Nebraska law allows counties to sue and be sued, but the same is not true of county offices and departments).

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy"

---

was being moved to a different housing area and that his visits were cancelled, evidencing a premature finding of guilt).

[3] Plaintiff brings this action against Defendants Brad Johnson, Robert Mitchell, and Andrew Truslow solely in their official capacities. (*See* Filing No. 1 at CM/ECF pp. 2-3.)

involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986)).

> To establish the existence of a governmental custom, a plaintiff must prove:
>
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646. Plaintiff has failed to allege sufficient facts to "nudge" his claim against Lancaster County across the line from conceivable to plausible under the *Jane Doe* standard with his general and conclusory allegation that the "dept. of corrections" violates "inmates due process . . . on a daily basis."

With that said, the court cannot consider the merits of Plaintiff's claim for prospective injunctive relief unless and until he also overcomes two procedural hurdles. He must establish standing to seek injunctive relief and meet the requirements for injunctive relief. *See Edwards*, 520 U.S. at 648. A plaintiff seeking injunctive relief must show that he "will again be wronged in a similar way." *Buckley v. Ray*, 848 F.3d 855, 867 n.10 (8th Cir. 2017) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). The "threatened injury must be certainly impending to constitute injury in fact." *Id.* (citing *Clapper v. Amnesty Int'l USA*, ⎯⎯ U.S. ⎯⎯, 133 S.Ct. 1138, 1147, 185 L.Ed.2d 264 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158, 110 S.Ct.

1717, 109 L.Ed.2d 135 (1990)). Plaintiff fails to show that future harm to him is certainly impending. His general and conclusory allegation that the "dept. of corrections" violates "inmates due process . . . on a daily basis" is not enough to establish standing to sue for prospective injunctive relief from Lancaster County.

In order to obtain a permanent injunction,

> [a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury, (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139, 156-57 (2010) (citing *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). The burden of proving the need for an injunction rests with the plaintiff. *Id.* at 158. It is well-established that monetary damages are available under § 1983 for the denial of procedural due process rights during prison disciplinary hearings. *See Wolff*, 418 U.S. at 554-55. Accordingly, monetary damages, rather than injunctive relief, is the proper remedy for such an injury.

On its own motion, the court will provide Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted. Plaintiff shall file an amended complaint no later than **September 6, 2017**. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint by **September 6, 2017**, that states a claim upon which relief may be granted. Failure to file an amended

complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. Plaintiff's claims for restoration of good time credits and damages for the deprivation of those credits are dismissed without prejudice because they are *Heck*-barred. To the extent Plaintiff seeks damages for his time served in disciplinary segregation, his claim is dismissed with prejudice for failure to state a claim.

3. The clerk's office is directed to set a pro se case management deadline using the following text: **September 6, 2017**: check for amended complaint.

Dated this 7th day of August, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge